# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

JEREMY IRONS,                                                              PLAINTIFF

V.                                                               NO. 2:07CV184-B-D

COAHOMA COUNTY SHERIFF DEPT., et al.,                                      DEFENDANTS

## OPINION

The court, *sua sponte*, takes up the dismissal of Plaintiff's case filed under 42 U.S.C. § 1983. The court finds that several of Plaintiff's claims do not form a basis for relief and dismissal of those claims is appropriate.

Plaintiff, an inmate at the Coahoma County Jail, complains that he is being denied medical treatment. Specifically, Plaintiff states that he was evaluated by a mental health physician and scheduled for a second appointment. Plaintiff argues that Defendants failed or refused to take him to the follow-up doctor's appointment. Without elaboration, Plaintiff offers that he has twice attempted suicide since being denied medical treatment. Plaintiff also includes some less alarming grievances about the attorney representing him in connection with the state criminal charges and an error in the state court indictment. Plaintiff is seeking monetary damages and equitable relief.

After carefully considering the contents of the *pro se* complaints and giving them the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

Any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under §1983. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). The relief sought by the prisoner or the label

he places upon the action is not the governing factor. *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir.).

The rule which the Court of Appeals for the Fifth Circuit follows in determining whether a prisoner must first obtain habeas corpus relief before bringing a § 1983 action is simple: "if a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle for suit is § 1983. If it would so entitle him, he must first get a habeas corpus judgment." *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997), *reh'g denied*, 133 F.3d 940 (1997) (*citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 736, 133 L. Ed. 2d 686 (1996)).

Other than being understandably distressed about his current confinement, it appears as though Plaintiff is merely attempting to have this court officiate the expeditious handling of the criminal state charges lodged against him. To the extent Plaintiff is challenging the fact of his confinement, such a matter is plainly not appropriate for § 1983 relief. Rather, Plaintiff must first obtain habeas corpus relief before bringing suit pursuant to § 1983. Plaintiff has provided no evidence that he has sought relief through a habeas corpus action. Therefore, Plaintiff's claim is premature and devoid of any arguable legal theory worthy of further consideration.

Furthermore, Plaintiff's concerns regarding his state appointed attorney are similarly without merit. The appointment and removal of counsel for a defendant facing state criminal charges is entirely within the discretion of state courts. For a variety of well established cornerstone legal principles, this court will not interfere with or supervise on-going state court criminal proceedings. Therefore, there is no legal basis to review the merits of Plaintiff's claim concerning his state court attorney.

Plaintiff's final claim concerns a denial of medical treatment for an unspecified mental condition. On its face, allegations of the denial or delay of medical treatment for serious medical

needs sufficiently states a claim to forestall dismissal. *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976). As to this claim only, Plaintiff will be allowed to proceed.

A separate order shall issue in accordance with this opinion.

THIS the 1st day of November, 2007.

/s/ Neal Biggers

Neal B. Biggers
Senior U.S. District Judge