IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JEREMY IRONS                                                                    PLAINTIFF

V.                                                        NO. 2:07CV184-B-D

COAHOMA COUNTY SHERIFF DEPT.                          DEFENDANT

MEMORANDUM OPINION

Presently before the court is the Coahoma County Sheriff Department's motion for summary judgment. The Plaintiff was given an opportunity to respond[1], the Defendant has replied and this matter is ripe for review.

*A. Factual Background*

The Plaintiff, an inmate, filed this civil rights action pro se pursuant to 42 U.S.C. 1983 on October 5, 2007. On September 19, 2008, the court found that the Plaintiff had failed to state a claim against the Defendant Ulyda Johnson and she was dismissed with prejudice. The same order of dismissal also granted the Defendant City of Clarksdale Police Department's motion for summary judgment and the City was dismissed. All that is remaining of the Plaintiff's complaint is a claim against the Defendant Coahoma County Sheriff's Department for denial of medical attention.

The allegations against the Sheriff's Department are as follows

> I, Jeremy Irons, were [sic] evaluated for mental health at the mental health center in Clarksdale, MS, with Dr. McGee. Dr. McGee requested me to return to his

---

[1] Shortly after the Defendant filed its motion for summary judgment, the court issued an order which is customarily used in pro se cases to explain summary judgment procedure and the respective burdens of proof. The order also provided detailed instructions for the pro se Plaintiff including how to respond to a motion for summary judgment. Despite the instructive order, the Plaintiff filed a self-styled "motion for summary judgment" which is essentially a list of witnesses and evidence he proposes to use if this matter were to proceed to trial. Given the previous instructions provided, the court has treated the Plaintiff's "motion" as a response to the Defendant's summary judgment motion.

> office for a follow-up and Coahoma County Sheriff's Dept. never took me, I've had two suicide attempt [sic] since then.

The only remaining Defendant, the Sheriff's Department, has filed a motion for summary judgment asserting essentially three arguments. First, the Defendant contends that it is immune from suit. Second, the Defendant avers that summary judgment is appropriate because the Plaintiff has failed to exhaust administrative remedies. Finally, the Defendant argues that the Sheriff's Department is not a proper party in a § 1983 action. The court agrees with each reason asserted by the Defendant that summary judgment is appropriate.

### B. *Standard for Review*

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, 275 (1986) ("the burden on the moving party may be discharged by 'showing'...that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202, 216 (1986). Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. Before finding that

no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

*C. Discussion*

Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust "such administrative remedies as are available" before he may file suit under 1983 objecting to prison conditions. 42 U.S.C. § 1997e(a); *Underwood v. Wilson*, 151 F.3d 292, 293 (5th Cir. 1998). A prisoner must exhaust the administrative remedies "irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001). The purpose of the exhaustion requirement is to "give the agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled in to federal court" and to allow for economical claim resolution. *Woodford v. Ngo*, 548 U.S. 81, 89, 126 S. Ct. 2378, 2385, 165 L. Ed. 2d 368 (2006). The United States Supreme Court held in *Woodford* that "proper exhaustion of administrative remedies is necessary" and that a prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." 548 U.S. at 83-84.

The Fifth Circuit takes a strict approach to the exhaustion requirement. *Days v. Johnson*, 322 F.3d 863, 867 (5th Cir. 2003) (overruled by implication on other grounds). The exhaustion requirement, however, may be subject to waiver, estoppel or equitable tolling. *Id.* at 866; *Wright v. Hollingsworth*, 260 F.3d 357, 358 n.2 (5th Cir. 2001). The court must afford a prisoner an opportunity to show that he has either exhausted the available administrative remedies or that he

3

should be excused from this requirement. *Miller v. Stanmore*, 636 F.2d 986, 991 (5th Cir. 1981). The failure to exhaust may be excused for instance when prison officials interfere with a prisoner's pursuit of an administrative remedy. *See Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir. 1982). The failure to exhaust may also be excused where "the prison system [has] deliberately devised procedural requirements designed to trap and defeat claims of unwary prisoners." *Woodford*, 548 U.S. at 102. Exceptions to the exhaustion requirement, however, apply only in "extraordinary circumstances." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).

The grievance process at the Coahoma County Jail is communicated to inmates upon arrival at the facility. The grievance procedures are posted throughout the facility along with ready access to inmate grievance forms. The process requires that the inmate first file an informal grievance by discussing a specific problem with a staff member. If the staff member, usually and officer, is unable to resolve the issue, the grievance is then passed to a shift sergeant. Then, if the shift sergeant is unable to resolve the problem the inmate may submit a written grievance to the board. A formal grievance must be in writing and placed in a grievance drop box which will then be sent directly to the jail administrator. The jail administrator reviews the grievances and forwards them to the grievance board or officer. After the grievance board or officer has reached a decision, the inmate may elect to appeal the result to the jail administrator. A decision of the jail administrator is final.

In this particular case, there is absolutely no indication or allegation that the Plaintiff used the appropriate procedure to submit his concerns or grievances by using the above described procedures. The Defendant suggests that there is no documentation in its possession which shows the Plaintiff even attempted to process his grievances through the administrative remedy program. Despite being faced with the Defendant's summary judgment argument, the Plaintiff does not

provide any explanation for his failure to submit his grievance through the proper channels. In light of the strict approach taken with the exhaustion requirement in this Circuit, the Plaintiff's failure in this regard is fatal. *See Johnson v. Cheney*, No. 08-10241, 2009 WL 614501 at *1 (5th Cir. Mar. 11, 2009) (an inmate is required to complete all the steps in a grievance program to satisfy the exhaustion requirement); *Lane v. Harris County Medical Dept.*, No. 06-20932, 2008 WL 116333 at *1 (5th Cir. Jan. 11, 2008) (summary judgment affirmed where prisoner did not complete the administrative review process).

This is not a situation "in which the system deliberately devised procedural requirements designed to 'trap' and defeat [the] claims' of unwary prisoners." *Woodford*, 548 U.S. at 102-03. Likewise, there is no basis for excusing the Plaintiff's failure to exhaust based on a policy of preventing inefficiency or a failure to further the interests of justice or the purposes of the exhaustion requirement. *See Ferrington v. Louisiana Dept. of Corrections*, 315 F.3d 529, 532 (5th Cir. 2002) (prisoner's blindness did not excuse his failure to comply with the PLRA's exhaustion requirement). Since there is no dispute that the Plaintiff did not utilize the administrative remedy program, there is no genuine issue of material fact and summary judgment can be entered in favor of the Defendant Coahoma County Sheriff's Department. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) (the failure of prison officials to respond to a grievance does not constitute a valid excuse for failure to exhaust administrative remedies).

Proper Party

Even if the Plaintiff had exhausted his claims or his failure to exhaust could be excused, summary judgment would nonetheless be appropriate because the Sheriff's Department is not a proper defendant in a § 1983 civil action. Rule 17(b) of the Federal Rules of Civil Procedure

governs the determination of the capacity to sue and be sued. It provides that for an entity such as the Sheriff's Department that the capacity to sue or be sued is determined by the law of the state in which the district court sits.

This court, therefore, must look to the law of Mississippi to determine if the Coahoma County Sheriff's Department is an entity subject to suit. In Mississippi, a Sheriff's Department does not enjoy a separate legal existence, apart from the county. *Brown v. Thompson*, 927 So. 2d 733 (Miss. 2006) (a Sheriff's Department is not a political subdivision for purposes of the Mississippi Tort Claims Act and the case against it was properly dismissed). Thus, the Sheriff's Department is entitled to immunity. *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991). *Whiting v. Tunica County Sheriff's Dept.*, 222 F. Supp. 2d 809 (N.D. Miss. 2002), overruling recognized on other grounds in *Montgomery v Mississippi*, 498 F. Supp. 2d 892 (S.D. Miss. 2007) (the sheriff's office was not amenable to suit according to Mississippi law, because the plaintiff failed to show it enjoyed an existence separate from the county (*citing Darby v. Pasadena Police Dept.,* 939 F.2d 311, 313 (5th Cir.1991)).

Alternatively the Coahoma County Sheriff's Department contends that it has no potential liability in this action because there is no vicarious liability for the actions of its employees and because the Plaintiff cannot show that any policy or practice of the department was a moving force in the actions leading to the alleged deprivation of his rights. The court agrees. The Plaintiff has not alleged or responded to this portion of the Sheriff Department's argument. In the absence of any genuine issue of disputed fact, the court must as a matter of law enter summary judgment in favor of the Defendant.

*D. Conclusion*

In sum, the Plaintiff has failed to demonstrate the existence of a disputed issue of material fact worthy of a jury's consideration. The court is precluded from entertaining the complaint due to the Plaintiff's failure to exhaust available administrative remedies. The Plaintiff has not demonstrated any recognizable excuse for his failure to exhaust. Furthermore, the Coahoma County Sheriff's Department is not a proper party to this § 1983 civil action. Consequently, summary judgment shall appropriately be granted in favor of the Defendant.

A final judgment in accordance with this opinion shall issue this day.

This the 30th day of July, 2009.

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U.S. DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI